UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

JOSHUA PAUL GALLOWAY                    CASE NO. 6:24-CV-01628 SEC P

VERSUS                                  JUDGE ROBERT R. SUMMERHAYS

MARK GARBER, ET AL.                     MAGISTRATE JUDGE WHITEHURST

## RULING

Before the Court is a Report and Recommendation ("R&R"), wherein the Magistrate Judge recommends that this civil rights action be dismissed with prejudice as frivolous and for failing to state a claim upon which relief may be granted.[1] Plaintiff has submitted untimely objections to the R&R.[2] Following a de novo review of the underlying record, the Court adopts the recommendation of the Magistrate Judge but modifies her supportive reasoning, as set forth below.

The Magistrate Judge analyzed Plaintiff's claim of excessive force (Claim 2) under the Eighth Amendment.[3] The Eighth Amendment applies to excessive force claims brought by convicted prisoners.[4] Excessive force claims by pretrial detainees are examined under the Fourteenth Amendment's Due Process Clause.[5] Plaintiff, who is currently in custody at the Lafayette Parish Correctional Center, appears to be a pretrial detainee.[6] To succeed on an excessive force claim under the Fourteenth Amendment, a plaintiff must show (1) an injury (2) which

---

[1] ECF No. 8 at 16.
[2] ECF No. 10; *see also* ECF No. 8 at 16-17.
[3] ECF No. 8 at 6-7.
[4] *See e.g. Whitley v. Albers*, 475 U.S. 312 (1986); *Hudson v. McMillian*, 503 U.S. 1 (1992).
[5] *See e.g. Kingsley v. Hendrickson*, 576 U.S. 389, 400 (2015); *Bell v. Wolfish*, 441 U.S. 520, 535-39 (1979).
[6] *See* Report and Recommendation at 1, *Joshua P. Galloway v. Warden Benoit*, No. 6:25-cv-00003 (W.D.La. April 8, 2025), ECF No. 7 (Whitehurst, M.J.) ("Galloway is a pre-trial detainee awaiting trial on a charge of simple burglary."); *see also* Lafayette Parish Sheriff's Office 365Labs Community Portal, available at https://community.365labs.com/689d71d5-1d4e-4726-9cfb-a3c94dfb231e/inmatelist (last visited Aug. 12, 2025).

resulted directly and only from a use of force that was clearly excessive, and (3) the force used was objectively unreasonable.[7] Courts weigh the following factors to determine reasonableness:

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.[8]

Here, Plaintiff alleges he was "attacked and placed in a safe restraint wrap" that was too tight, which cut off the circulation to his feet and turned his toes blue, and that deputies refused to feed him that evening.[9] To state an actionable excessive force claim, "the plaintiff [must] have suffered at least some form of injury that is more than de minimis."[10] Plaintiff alleges no more than a de minimis injury and has therefore failed to state a claim of excessive force in violation of the Fourteenth Amendment.[11]

The Magistrate Judge analyzed Plaintiff's conditions of confinement claims (Claims 6 and 8) under the Eighth Amendment.[12] As a pretrial detainee, these claims assert violations of the Fourteenth Amendment.[13] However, "[t]he standard is the same as that for a prisoner under the Eighth Amendment."[14] As such, no further analysis of these claims is necessary.

The Magistrate Judge analyzed Plaintiff's harassment claims (Claims 7, 9, 13, 14 and 15) under the Eighth Amendment. While these claims should have been analyzed under the Fourteenth Amendment, the standard is the same as under the Eighth Amendment. Under either amendment,

---

[7] *Moore v. LaSalle Management Company, LLC*, 41 F.4th 493, 505 (5th Cir. 2022); *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001).
[8] *Kingsley* at 397.
[9] ECF No. 7 at 3.
[10] *Galada v. Payne*, 421 Fed.App'x 460, 462 (5th Cir. 2011) (citing *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001) ("handcuffing too tightly, without more, does not amount to excessive force")).
[11] *See also* ECF No. 1 at 4; ECF No. 7.
[12] ECF No. 8 at 10-15. She additionally analyzed the claim under a negligence standard.
[13] *See e.g. Garza v. City of Donna*, 922 F.3d 626, 632 (5th Cir. 2019).
[14] *Cadena v. El Paso County*, 946 F.3d 717, 727 (5th Cir. 2020) (citing *Garza* at 634).

"[m]ere allegations of verbal abuse do not present actional claims under § 1983."[15] Accordingly, no further analysis of these claims is necessary.

For the reasons set forth in the R&R, as modified by this Ruling, this matter will be dismissed with prejudice as frivolous and for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). Plaintiff's Motion for Attorney Fees [ECF No. 9] will be denied.

THUS DONE in Chambers on this 13th day of August, 2025.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

---

[15] *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993).